UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MAGISTRATE JUDGE _RBC_

THE TRAVELERS INDEMNITY )
COMPANY OF ILLINOIS a/s/o )
PATCO CORPORATION, )     **03  10164 RWZ**
    Plaintiff, )
)
v. )     Civil Action No.
)
WOLVERINE (MASSACHUSETTS) )
CORPORATION, )
    Defendant. )

RECEIPT # 44649
AMOUNT $150
SUMMONS ISSUED Yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 1-24-03

## COMPLAINT

### Parties

1. Plaintiff, Travelers Indemnity Company of Illinois ("Travelers"), is an Illinois corporation with a principal place of business located in Naperville, Illinois. Travelers is subrogated to the rights of Patco Corporation ("Patco"), which is located at 51 Ballou Boulevard, Bristol, Rhode Island.

2. Defendant, Wolverine (Massachusetts) Corporation, now known as Wolverine Proctor & Schwartz, Inc. ("Wolverine"), is a Delaware corporation with a principal place of business located at 51 East Main Street, Merrimac, Massachusetts.

### Jurisdiction

3. The Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. § 1332, as the plaintiff and defendant are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) and § 1391(c).

BOST1-784136-1

## Facts

5. At all relevant times hereto, Patco manufactured adhesive tape for the boating and automotive industry. Patco took various sizes of plastic film and passed it through an adhesive machine that adds adhesive to the plastic film. The product was then transported through a heating oven via a conveyor, where the adhesive was cured. During this heating process, flammable vapors were drawn to an incinerator (also referred to as a thermal oxidizer) by a large exhaust system.

6. At all relevant times hereto, Wolverine was in the business of designing, manufacturing, and distributing thermal oxidizer units.

7. In or about February 1991, Patco purchased a thermal oxidizer from Wolverine, which was manufactured and designed by Wolverine, and various other accompanying equipment (the "thermal oxidizer unit"), to service Patco's facility located at 51 Ballou Boulevard, Bristol, Rhode Island. This project was identified by Wolverine as Project No. 9103 and Purchase Order No. 1221.

8. Project No. 9103 included Patco's purchase of the following equipment from Wolverine: (a) one 5,000 SCFM Fume Incinerator (thermal oxidizer); (b) one 20 HP incinerator supply fan; (c) one 5 HP hot air dryer supply fan; (d) one shell-and-tube heat exchanger; (e) one 35-foot high exhaust stack; and (f) one free-standing NEMA 12 control panel.

9. In 1994, Wolverine conducted, through two phases, the installation of a heat recovery system in the thermal oxidizer unit at Patco's facility. Wolverine did not upgrade the safety systems of the thermal oxidizer unit at this time, nor did it warn or make any recommendations to Patco concerning the safety systems of the thermal oxidizer unit.

10. At approximately 2:50 a.m. on January 29, 2000, the heat generated by the thermal oxidizer at issue began to rise towards the level of 1600°. When the heat reached 1600°, the thermal oxidizer automatically shut down. The operator of the machine went outside to reset and restart the thermal oxidizer. However, shortly after the machine was restarted, the heat level again reached 1600°. At this point, the machine again automatically shut down. At this time, the operator, in addition to shutting down the thermal oxidizer, also shut down the ventilation system but did not shut down the conveyer belt. Upon information and belief, this led to an accumulation of fumes that exploded at approximately 3:05 a.m.

11. An investigation immediately following the explosion revealed that Wolverine failed to install proper interlocks between the thermal oxidizer, ventilation system, and conveyor that would have prevented such an explosion, in violation of the 1985 edition of the National Fire Protection Association ("NFPA") 86 standards.

12. Wolverine did not include emergency procedures in its owner's manual that it provided to Patco, in further violation of the 1985 edition of NFPA 86. Patco's employees were therefore unaware of the procedures to follow in an emergency situation, such as turning off the conveyer belt when the oxidizer and ventilation system was shut off.

13. Wolverine failed to provide Patco with adequate warnings that would have prevented such an explosion.

14. As a direct and proximate result of Wolverine's negligence, Travelers, as subrogee of Patco, has incurred damages in the amount of $977,321.32.

## Count I
### Negligence

15. Travelers restates and realleges the allegations set forth in paragraphs 1 through 14 of the Complaint.

3

16. The thermal oxidizer unit designed, manufactured, and distributed by Wolverine was unreasonably dangerous and defective by way of its design, manufacture, and lack of adequate safety warnings.

17. Wolverine had a duty to design and manufacture the thermal oxidizer unit in a reasonably safe manner.

18. Wolverine had a duty to warn of the dangerous characteristics of the thermal oxidizer unit that were not open and obvious.

19. Wolverine had a duty to provide Patco with adequate warnings and emergency procedures concerning the thermal oxidizer unit.

20. Wolverine had a continuing duty to warn of the risks concerning the thermal oxidizer unit discovered following the sale and installation of the unit at Patco's facility.

21. Wolverine breached its duties.

22. As a direct and proximate result of Wolverine's breaches of its duties, Travelers has sustained substantial damages.

### Count II
### Strict Liability

23. Travelers restates and realleges the allegations set forth in paragraphs 1 through 22 of the Complaint.

24. Wolverine caused the thermal oxidizer unit to be designed, manufactured, and distributed.

25. The thermal oxidizer unit designed, manufactured, and distributed by Wolverine was expected to and did reach Patco without a substantial change in condition.

26. Patco did use the thermal oxidizer unit for the purpose and in the manner it was normally intended for.

27. The thermal oxidizer unit designed, manufactured, and distributed by Wolverine was unreasonably dangerous and defective by way of its design, manufacture, and lack of adequate safety warnings.

28. The thermal oxidizer unit was unreasonably dangerous and defectively designed when it left the possession of Wolverine.

29. Wolverine failed to provide Patco with adequate warnings with respect to the thermal oxidizer unit's dangerous propensity.

30. As a direct and proximate result of Wolverine's acts and omissions, Travelers has sustained substantial damages.

### Count III
### Breach of Implied Warranties of Merchantability and Fitness

31. Travelers restates and realleges the allegations set forth in paragraphs 1 through 30 of the Complaint.

32. Wolverine designed and manufactured the thermal oxidizer unit.

33. Wolverine impliedly warranted that the thermal oxidizer unit was not defective or unreasonably dangerous and that it was merchantable and fit for its intended use.

34. Wolverine breached said warranties in that the thermal oxidizer unit was unfit for its intended use and was defective and unreasonably dangerous.

35. Wolverine, in breach of its warranties, also failed to provide adequate warnings for the thermal oxidizer unit, rendering it defective and unreasonably dangerous and unfit for the ordinary purposes for which it was used.

36. As a direct and proximate result of Wolverine's breaches of warranty, Travelers has sustained substantial damages.

## REQUEST FOR RELIEF

WHEREFORE, the plaintiff, Travelers Indemnity Company of Illinois, requests that the Court:

a) enter judgment against the defendant on all counts of this Complaint;

b) award the plaintiff its actual damages;

c) award the plaintiff all appropriate costs, expenses, attorneys' fees and interest authorized by law; and

d) award the plaintiff such other relief as is deemed just and appropriate.

## DEMAND FOR JURY TRIAL

The plaintiff demands a trial by jury on all issues so triable.

PLAINTIFF,
TRAVELERS INDEMNITY COMPANY
OF ILLINOIS,
By its attorneys,

*/s/ Danielle L. Long*
Steven P. Perlmutter, BBO #395180
Danielle Andrews Long, BBO #646981
ROBINSON & COLE LLP
One Boston Place
Boston, MA 02108
(617) 557-5900

Dated: 1/24/03