UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WOLVERINE PROCTOR & SCHWARTZ, INC. and GREAT AMERICAN ALLIANCE INSURANCE CO., INC.<br>　　　Plaintiffs,<br><br>v.<br><br>XYZ TAPE CORP., FORMERLY KNOWN AS PATCO CORP., WILLIAM B. WILBUR AND TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA<br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | DOCKET NO: 04-12189RWZ |

**ANSWER OF DEFENDANTS XYZ TAPE CORP.,
FORMERLY KNOWN AS PATCO CORP., and WILLIAM B. WILBUR**

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

The defendants, XYZ Tape Corp., formerly known as Patco Corp. and William B.

Wilbur, respond to the allegations of the Complaint as follows:

Introduction

1.　　As no allegations are asserted against these defendants, no response is

required.

Parties

2.　　The defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in this paragraph and call upon the

plaintiff to prove same.

942716v1

3.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

4.    The defendants deny the allegations of this paragraph of the Complaint, however, they admit that XYZ Tape Corp. was formerly known as Patco Corp.; that XYZ Tape Corp. was once a Rhode Island business corporation; and that XYZ Tape Corp. once had a mailing address of 128 Dorrance Street, Providence, RI.

5.    The defendants deny the allegations of this paragraph of the Complaint, however, they admit that William B. Wilbur resides at 22 Stone Tower Lane, Barrington, RI, and that he was once President of XYZ Tape Corp.

6.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

## Jurisdiction

7.    The defendants deny the allegations contained in this paragraph.

8.    The defendants deny the allegations contained in this paragraph.

9.    The defendants deny the allegations contained in this paragraph.

10.    The defendants deny the allegations contained in this paragraph.

## Facts

11.    The defendants admit the allegations contained in this paragraph.

12.    The defendants admit the allegations contained in this paragraph.

13.    The defendants admit the allegations contained in this paragraph.

14.    The defendants admit the allegations contained in this paragraph.

942716v1

15.    The defendants deny the allegations contained in this paragraph, however, they admit that defendant Wilbur contacted Wolverine with respect to the purchase of equipment.

Fume Incinerator Contract

16.    The defendants admit the allegations contained in this paragraph, but deny that the proposal was accepted, thus denying that the proposal became a binding contract. Further answering, the defendants say that the allegations in Paragraph 16 do not include all elements of the product contained in the proposal.

17.    The defendants admit the allegations contained in this paragraph, but deny the characterization that the proposal was a contract.

18.    The defendants admit the allegations contained in this paragraph.

19.    The defendants admit the allegations contained in this paragraph.

20.    The defendants admit the allegations contained in this paragraph, but deny the characterization that the proposal was a contract.

21.    The defendants admit the allegations contained in this paragraph, but deny the characterization that the proposal was a contract.

22.    The defendants admit the allegations contained in this paragraph.

23.    The defendants admit the allegations contained in this paragraph.

24.    The defendants admit that Wilbur and another appeared at Wolverine's factory and viewed certain component parts, but deny that they inspected the Thermal Oxidizer Equipment as a complete and assembled product.

25.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

26.     The defendants deny the allegations contained in this paragraph.

Heat Recovery Contract

27.     The defendants admit the allegations contained in this paragraph but deny the characterization that the proposal was a contract.  Further answering, the defendants say that the allegations in Paragraph 27 do not include all elements of the product contained in the proposal.

28.     The defendants admit all allegations but for the premise "As did the Fume Incinerator Contract before it" and the characterization that the legend appeared upon the "main page" and deny the characterization that the proposal was a contract.

29.     The defendants admit the allegations contained in this paragraph but deny the characterization that the proposal was a contract.

30.     The defendants admit the allegations contained in this paragraph.

31.     The defendants deny the allegations contained in this paragraph and deny the characterization that the proposal was a contract.

Travelers Provides Patco with CGL and Property Insurance

32.     The defendants admit the allegations contained in this paragraph.

33.     The defendants admit the allegations contained in this paragraph.

Travelers Indemnity Makes Claims Against Wolverine

34.     The defendants admit the allegations contained in this paragraph.

35.     The defendants deny the allegations contained in this paragraph.

4

942716v1

36.     The defendants deny the allegations contained in this paragraph, however, they admit that Travelers Indemnity made claim against Wolverine for property damage caused by the incident.

37.     The defendants admit the allegations contained in this paragraph.

38.     The defendants admit the allegations contained in this paragraph were made, among others, and admit that the Complaint attached as Exhibit 1 was asserted.

39.     The defendants deny the allegations contained in this paragraph.

40.     The defendants deny the allegations contained in this paragraph.

41.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

42.     The defendants deny the allegations contained in this paragraph.

43.     The defendants deny the allegations contained in this paragraph.

44.     The defendants deny the allegations contained in this paragraph.

45.     The defendants deny the allegations contained in this paragraph.

46.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

Count I

Declaratory Judgment

47.     The defendants repeat and incorporate by reference their responses to the allegations in Paragraphs 1-46, above.

48.     The defendants deny the allegations contained in this paragraph.

5

942716v1

49.    The defendants deny the allegations contained in this paragraph.

50.    The defendants deny the allegations contained in this paragraph.

Count II

Declaratory Judgment

51.    The defendants repeat and incorporate by reference their responses to the allegations in Paragraphs 1-50, above.

52.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

53.    The defendants deny the allegations contained in this paragraph.

54.    The defendants deny the allegations contained in this paragraph.

55.    The defendants deny the allegations contained in this paragraph.

Count III

Breach of Contract

56.    The defendants repeat and incorporate by reference their responses to the allegations in Paragraphs 1-55, above.

57.    The defendants deny the allegations contained in this paragraph.

58.    The defendants deny the allegations contained in this paragraph.

Requests for Relief

59.    The defendants deny that any relief sought is appropriate and deny all claims.

942716v1

## AFFIRMATIVE DEFENSES

### THIRD DEFENSE

The defendants deny each and every allegation of the Plaintiff's Complaint except as specifically admitted above.

### FOURTH DEFENSE

By way of affirmative defense, the defendants say that the action is barred by the applicable statute of limitations and by the doctrines of laches.

### FIFTH DEFENSE

By way of affirmative defense, the defendants say that if the plaintiff suffered damages as alleged, such damages were caused by someone for whose conduct the defendants were not and are not legally responsible.

### SIXTH DEFENSE

By way of affirmative defense, the defendants state that this action shall be dismissed for insufficiency of process.

### SEVENTH DEFENSE

By way of affirmative defense, the defendants state that with respect to all claims founded upon the alleged existence of a contract, the existence of which contract is hereby denied, said claims are barred by the statute of frauds.

### EIGHTH DEFENSE

By way of affirmative defense, the defendants state that they reserve the right to assert further affirmative and other defenses as they become evident through discovery or investigation.

942716v1

## NINTH DEFENSE

By way of affirmative defense as to defendant Wilbur, the defendants say that there is no personal jurisdiction over this defendant.

## TENTH DEFENSE

By way of affirmative defense, the defendants say that venue is improper.

## JURY DEMAND

The defendants demand a trial by jury.

The defendants,
XYZ TAPE CORP., FORMERLY KNOWN AS
PATCO CORP., WILLIAM B. WILBUR
By their attorneys:

MORRISON MAHONEY LLP


/s/ *Lee Stephen MacPhee*
Lee Stephen MacPhee
BBO # 312400
250 Summer Street
Boston, MA 02210
(617) 439-7500

## CERTIFICATE OF SERVICE

I certify that this document has been served upon all counsel of record in compliance with F.R.C.P.

/s/ *Lee Stephen MacPhee*
Lee Stephen MacPhee

942716v1