UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WOLVERINE PROCTOR & SCHWARTZ INC., and GREAT AMERICAN ALLIANCE INSURANCE CO., INC.<br>　　　Plaintiffs<br><br>v.<br><br>XYZ TAPE CORP., f/k/a PATCO CORP., WILLIAM B. WILBUR, and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br>　　　Defendants. | Civil Action No. 04-12189RWZ |

**ANSWER, COUNTERCLAIM AND JURY DEMAND OF DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA**

The defendant, Travelers Property Casualty Company of America (referred to hereinafter as "Travelers" or "defendant"), for its Answer and Counterclaim to the Complaint of plaintiffs Wolverine Proctor & Schwartz, Inc. and Great American Alliance Insurance Company, Inc. (hereinafter, "plaintiffs"), states as follows:

**First Defense**

1. With reference to paragraph 1, the allegations therein purport to describe the nature of this declaratory judgment and breach of contract action, and no response by Travelers is required. To the extent a response is required, all allegations are denied.

2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies same.

3. Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 3 and therefore denies same.

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies same.

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies same.

6. Defendant denies the allegations in the first sentence in paragraph 6 insofar as they name the incorrect defendant. Travelers denies the allegations in the second sentence in paragraph 6.

7. With reference to paragraph 7, the allegations therein purport to state a conclusion of law against a party other than Travelers, to which no response by Travelers is required. To the extent a response is required, all allegations are denied.

8. Defendant denies the allegations in paragraph 8.

9. With reference to paragraph 9, the allegations therein purport to state a conclusion of law against a party other than Travelers, to which no response by Travelers is required. To the extent a response is required, all allegations are denied.

10. With reference to paragraph 10, the allegations therein purport to state a conclusion of law, to which not response is required. To the extent a response is required, the allegations are denied.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies same.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies same.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies same.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies same.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies same.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies same.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies same.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies same.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies same.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies same. In addition, the allegations in this paragraph purport to describe a document, the terms of which speak for themselves, and Travelers denies that any such document entitles the plaintiffs to relief in this case.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies same. In addition, the allegations in this paragraph purport to describe a document, the terms of which

speak for themselves, and Travelers denies that any such document entitles the plaintiffs to relief in this case.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies same. In addition, the allegations in this paragraph purport to describe a document, the terms of which speak for themselves, and Travelers denies that any such document entitles the plaintiffs to relief in this case.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies same. In addition, the allegations in this paragraph purport to describe a document, the terms of which speak for themselves, and Travelers denies that any such document entitles the plaintiffs to relief in this case.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies same.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies same.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies same. In addition, the allegations in this paragraph purport to describe a document, the terms of which speak for themselves, and Travelers denies that any such document entitles the plaintiffs to relief in this case.

27. Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 27 and therefore denies same. In addition, the allegations in this paragraph purport to describe a document, the terms of which speak for themselves, and Travelers denies that any such document entitles the plaintiffs to relief in this case.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies same. In addition, the allegations in this paragraph purport to describe a document, the terms of which speak for themselves, and Travelers denies that any such document entitles the plaintiffs to relief in this case.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies same. In addition, the allegations in this paragraph purport to describe a document, the terms of which speak for themselves, and Travelers denies that any such document entitles the plaintiffs to relief in this case.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies same.

31. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies same. In addition, the allegations in this paragraph purport to describe a document, the terms of which speak for themselves, and Travelers denies that any such document entitles the plaintiffs to relief in this case.

32. With reference to paragraph 32, Travelers admits that it issued a CGL insurance

policy to Patco for the period set forth and with the indicated policy number. The allegation that the policy contained "insured contract coverage" is a question of law for the Court, and Travelers denies that the policy contained said coverage or that the plaintiffs have any right to recover against Travelers based on the assertion of said alleged "coverage."

33. Travelers admits the allegations in paragraph 33 but denies that said property policy entitles the plaintiffs to relief in this case.

34. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies same.

35. Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies same.

36. Travelers admits the allegations in paragraph 36.

37. Travelers admits the allegations in paragraph 37.

38. Travelers admits the allegations in paragraph 38.

39. With reference to paragraph 39, the allegations therein refer to a document, the terms of which speak for themselves. Travelers denies that the allegations therein entitle the plaintiffs to recover in this lawsuit.

40. With reference to paragraph 40, the allegations therein refer to a document, the terms of which speak for themselves. Travelers denies that the allegations therein entitle the plaintiffs to recover in this lawsuit.

41. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore denies same.

42. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies same.

43. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies same.

44. With reference to paragraph 44, the allegations therein purport to state a conclusion of law, to which no response by Travelers is required. To the extent a response is required, all allegations are denied.

45. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore denies same.

46. Travelers denies the allegations in paragraph 46.

47. With reference to paragraph 47, defendant repeats and incorporates by reference its response to the allegations in the paragraphs set forth therein.

48. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore denies same.

49. With reference to paragraph 49, the allegations therein purport to state a legal conclusion, to which no response by Travelers is required. To the extent a response is required, all allegations are denied.

50. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore denies same.

51. With reference to paragraph 51, defendant repeats and incorporates by reference its response to the allegations in the paragraphs set forth therein.

52. Travelers denies the allegations in paragraph 52. In the alternative, the allegations

therein purport to state a conclusion of law, to which no response by Travelers is required.

53. Travelers admits the allegations in paragraph 53.

54. With reference to paragraph 54, the allegations therein purport to state a legal conclusion, to which no response by Travelers is required. To the extent a response is required, all allegations are denied.

55. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore denies same.

56. With reference to paragraph 56, defendant repeats and incorporates by reference its response to the allegations in the paragraphs set forth therein.

57. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 and therefore denies same.

58. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 and therefore denies same.

59. Travelers denies that the plaintiffs are entitled to the relief requested in paragraph 59.

## Second Defense

The Complaint fails to state a claim upon which relief can be granted.

## Third Defense

The Complaint is barred by the doctrines of laches, estoppel, waiver or unclean hands.

## Fourth Defense

The Complaint is barred by the doctrines of collateral estoppel, judicial estoppel or res

judicata.

### Fifth Defense

The Complaint is barred by the terms, conditions or exclusions in the subject insurance policies.

### Sixth Defense

The plaintiffs lack standing for their claims against Travelers.

### Seventh Defense

The underlying contracts are void or voidable or the plaintiff has failed to satisfy a necessary condition.

### COUNTERCLAIM

1. The plaintiff-in-counterclaim, The Travelers Indemnity Company of Illinois ("Travelers"), is a Connecticut corporation with a principal place of business in Hartford, Connecticut.

2. The defendants-in-counterclaim, Wolverine Proctor & Schwartz, Inc. ("Wolverine") and Great American Alliance Insurance Co., Inc. (collectively, "defendants-in-counterclaim"), are, on information and belief, a Delaware corporation and an Ohio corporation, respectively, with offices in, respectively, Merrimac, Massachusetts and Cincinnati, Ohio.

3. On information and belief, on or about January 29, 2000, 1996, there was a fire at premises located at 128 Dorrance Street, Providence, Rhode Island, which were owned and/or operated by Travelers' insured, XYZ Tape Corp., f/k/a Patco Corp. (referred to hereinafter as "Patco").

4. This Court has personal jurisdiction and subject matter jurisdiction over these

Counterclaims, and venue is proper in this Court.  28 U.S.C. § 1332 and 2201; Fed.R.Civ. P. 57; Fed.R.Civ.P. 4; Mass. G.L. c. 223A; 28 U.S.C. § 1391(b).

5. At the time of the incident, Travelers had issued commercial property insurance policy to Patco.

6. As a result of the January 29, 2000 incident, Travelers, as subrogee of Patco, commenced a civil action against Wolverine in the United States District Court for the District of Massachusetts, Civil Action No. 03-10164RWZ ("the subrogation action").

7. In the Complaint in this action, the defendants-in-counterclaim assert that they are entitled to, *inter alia*, insurance coverage under a commercial general liability insurance policy, Policy Number YJ-630-190C7522, issued by Travelers to Pacto for the period December 31, 1999-December 31, 2000 (said policy to be referred to hereinafter as, "the CGL policy") for the claims asserted against Wolverine in the subrogation action.

8. An actual and justiciable controversy has arisen between Travelers and the defendants-in-counterclaim as to coverage under the CGL policy for the claims against Wolverine in the subrogation action.

9. The defendants-in-counterclaim have asserted, *inter alia*, that they are entitled to coverage by virtue of purported indemnity agreements between them and Patco and/or that they are entitled to coverage under alleged "insured contract" provisions in the CGL policy.

10. Travelers disputes all positions taken by the defendants-in-counterclaim and asserts that their claims and all claims against Wolverine in the subrogation action are barred by the terms, conditions or exclusions in the CGL policy.

11. There is no coverage under any Travelers policy, including but not limited to the

CGL policy, for the claims asserted against Wolverine by Patco in the subrogation action or any related claims.

WHEREFORE, for all of the foregoing reasons, The Travelers Indemnity Company of Illinois prays for the following declaratory judgment and further relief;

1) That the Court adjudicate the dispute among the parties and declare: (a) that there is no coverage to the defendants-in-counterclaim under any alleged indemnity agreements or the CGL policy at issue in this case for the claims asserted against Wolverine in the subrogation action;(b)  that the subject contracts are not "insured contracts"; (c) that Travelers owes the plaintiffs-in-counterclaim no duty to defend and/or indemnify on account of the subrogation action or related claims; and (d) Travelers is entitled to judgment in its favor on its Counterclaim;

2) That the Court deny all claims for declaratory relief, for breach of contract and for alleged violations of Mass. G.L. c. 93A and 176D (if any) asserted in the plaintiffs' Complaint and dismissing the plaintiffs' Complaint with prejudice;

3) That the Court award Travelers its costs of suit, including reasonable attorneys' fees; and

4) That the Court award Travelers such other and further relief as the Court deems just and proper.

## JURY DEMAND

Travelers respectfully demands a trial by jury of all claims so triable.

>Respectfully submitted,
>Travelers Property Casualty
>Company of America
>
>  /s/ Joseph S. Berman
>Joseph S. Berman, Esq.
>BBO No. 566006
>Berman & Dowell
>210 Commercial St.
>Boston, MA 02109
>617-723-9911

### CERTIFICATE OF SERVICE

I, Joseph S. Berman, hereby certify that on this 16th day of December, 2004, I filed a copy of the foregoing by electronic means with the United States District Court for the District of Massachusetts using the CM/ECF system, which will send notification to the following: Matthew J. Walko, Esq., Smith & Duggan LLP, Two Center Plaza, Suite 620, Boston, MA 02108; and Lee MacPhee, Esq., Morrison Mahoney LLP, 250 Summer Street, Boston, MA 02210 and that the document has been served on all counsel of record in compliance with the Federal Rules of Civil Procedure.

>/s/ Joseph S. Berman
>
>Joseph S. Berman