UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
Wolverine Proctor & Schwartz, Inc.   :
                                     :
    and                              :
                                     :
Great American Alliance Insurance    :
   Co., Inc.,                        :
                                     :
    Plaintiffs and                   :
    Counterclaim Defendants          :
                                     :
v.                                   :   CIVIL ACTION NO.
                                     :   04-12189RWZ
XYZ Tape Corp.,                      :
   formerly known as Patco Corp.,    :
                                     :
William B. Wilbur,                   :
                                     :
    Defendants and                   :
                                     :
Travelers Property Casualty          :
   Company of America,               :
                                     :
    Defendant and Counterclaimant    :
                                     :
```

## PLAINTIFFS' REPLY TO COUNTERCLAIM

1.   The plaintiffs Wolverine Proctor & Schwartz, Inc. ("Wolverine") and Great American Alliance Insurance Co., Inc., ("Great American") are without knowledge or information sufficient to admit or deny the allegations of this paragraph.

2.   Admitted.

3.   Wolverine and Great American admit that on or about January 29, 2000, there was a fire at premises in Bristol, Rhode Island that were owned and operated Patco Corp. now known as XYZ

Tape Corp. ("Patco"), and further admit that Patco had commercial property and commercial general liability insurance in effect at that time issued by The Travelers Indemnity Company of Illinois and, on information and belief, the Travelers Property Casualty Company of America and/or The Travelers Indemnity Company of Illinois ("Travelers"), but deny that the fire occurred at 128 Dorrance Street in Providence.

    4.    Admitted.

    5.    Wolverine and Great American admit that at the time of the incident, Travelers had issued a commercial property insurance policy to Patco.

    6.    Wolverine and Great American are without knowledge or information sufficient to admit or deny which Travelers entity is Patco's subrogee for purposes of the subrogation action, United States District Court for the District of Massachusetts Civil Action No. 03-10164-RWZ, but admit the remaining allegations of this paragraph.

    7.    Wolverine and Great American admit that Travelers issued to Patco a commercial general liability policy of insurance, Policy No. YJ-630-190C7522, for the period December 31, 1999 to December 31, 2000 ("the CGL Policy"), but deny the characterizations in this paragraph of the allegations made in the Complaint, which speaks for itself.

    8.    Admitted.

9.   Wolverine and Great American deny the characterizations in this paragraph of the allegations made in the Complaint, which speaks for itself.

10.   Wolverine and Great American admit that Travelers has disputed allegations made by Wolverine and Great American in their Complaint, but deny the remaining allegations of this paragraph.

11.   Denied.

12.   Wolverine and Great American deny that Travelers is entitled to the relief demanded in the final unnumbered paragraph of the Counterclaim and its subparagraphs 1 through 4.

## **DEFENSES**

### FIRST DEFENSE

The assertion by The Travelers Indemnity Company of Illinois of a Counterclaim to the Complaint pleaded against Travelers Property Casualty Company of America raises an estoppel that prevents Counterclaimant from relying upon a separate corporate existence between Travelers Property Casualty Company of America and The Travelers Indemnity Company of Illinois to seek relief in its favor or to the detriment of Plaintiffs.

SECOND DEFENSE

Plaintiffs reserve the right to assert further affirmative and other defenses as they become evident through discovery or investigation.

WHEREFORE, Wolverine and Great American respectfully request that the Court award the relief demanded in their Complaint and such other further relief deemed just and proper.

**JURY TRIAL DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

    Respectfully submitted,

    Wolverine Proctor & Schwartz, Inc.
    Great American Alliance Insurance Co., Inc.

    by its attorneys,


    _/s/ Matthew J. Walko_____
    Matthew J. Walko
    BBO No. 562172

    SMITH & DUGGAN LLP
    Two Center Plaza, Suite 620
    Boston, Massachusetts 02108-1906
    (617) 228-4400


Date:   January 6, 2004