EXHIBIT "F"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WOLVERINE PROCTOR & SCHWARTZ, INC. and GREAT AMERICAN ALLIANCE INSURANCE CO., INC.<br>    Plaintiffs,<br><br>v.<br><br>XYZ TAPE CORP., FORMERLY KNOWN AS PATCO CORP., WILLIAM B. WILBUR AND TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA<br>    Defendants. | DOCKET NO: 04-12189RWZ |

## DEFENDANT, XYZ TAPE CORP.'S (FORMERLY KNOWN AS PATCO CORP) ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Now comes the Defendant, XYZ Tape Corp. (formerly known as Patco Corp.) and hereby answers the Interrogatories propounded by the Plaintiffs as follows:

## GENERAL OBJECTION

1. Defendant, XYZ Tape Corp., objects to providing information which is protected by any privilege including, but not limited to, the attorney-client privilege.

2. Defendant, XYZ Tape Corp., objects to providing information protected from disclosure as its attorneys' work product including, but not limited to, the mental impressions, conclusions, opinions, legal theories of its attorneys, or constituting trial preparation materials.

3. Defendant, XYZ Tape Corp., objects to so much of the Interrogatories as would compel production of more information than is required by the Federal Rules of Civil Procedure, or require supplementation beyond that required by the Rules.

946360v1

was a Director from February 17, 2000 through August 1, 2001. On September 3, 2001, Mr. Wilbur became the sole Director and the President, Secretary and Treasurer, there being no other officers. The corporation was dissolved on October 22, 2002.

INTERROGATORY NO. 11

Please identify and describe the circumstances, procedures followed and actions taken to effectuate the corporate dissolution of Patco and the distribution of its assets.

ANSWER NO. 11

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant, it is not reasonably calculated to lead to the discovery of admissible evidence, it seeks information that is equally available to Plaintiffs or contained in public records and it seeks information that is protected by the attorney-client or work product privileges and it seeks the mental impressions, conclusions, opinions, legal theories of its attorneys. Without waiving and subject to its objections, pursuant to Fed.R.Civ.P. 33(d), Defendant refers plaintiff to Wolverines' Request for Production of Documents and the documents produced by Defendant in response to Request No. 11. In further response Defendant states that no assets were distributed upon the dissolution of the corporation.

INTERROGATORY NO. 12

Please identify all persons to whom Patco's assets were distributed upon its dissolution and identify whether such persons were shareholders of Patco.

ANSWER NO. 12

Defendant objects to this Interrogatory on the grounds that it seeks information that is irrelevant and it is not reasonably calculated to lead to the discovery of admissible

10

946360v1

evidence. Without waiving and subject to its objections, Defendant states that it did not have any assets at the time it was dissolved and as such, no assets were distributed upon its dissolution.

INTERROGATORY NO. 13

Please identify and describe the meetings, actions and votes undertaken pursuant to Patco's articles of incorporation since January 1, 2000.

ANSWER NO. 13

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant, is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to its objections, pursuant to Fed.R.Civ.P. 33(d), Defendant refers Plaintiffs to Plaintiffs' Request for Production of Documents and documents produced in response to Request Numbers 10, 11 and 13.

INTERROGATORY NO. 14

Please state the basis of Patco's contention, if any, that Patco does not subsist and may not be sued in this action pursuant to Rhode Island General Laws § 7-1.1-98.

ANSWER NO. 14

Defendant objects to this Interrogatory on the grounds that it is seeks a legal opinion which Defendant is not qualified to give, it seeks information that is protected by the attorney-client or work product privileges and it seeks the mental impressions, conclusions, opinions, legal theories of its attorneys. Without waiving and subject to its objections, Defendant states that it was dissolved on October 22, 2002, and, in accordance with the General Laws of Rhode Island which states: "The dissolution of a

11