UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Wolverine Proctor & Schwartz, Inc., and<br>Great American Alliance Insurance Co., Inc.<br>    Plaintiffs,<br><br>v.<br><br>XYZ Tape Corp., formerly known as Patco Corp.,<br>William B. Wilbur, and<br>Travelers Property Casualty Company of America<br>    Defendants. | CIVIL ACTION NO.<br>04-12189-RWZ |

**Response Of Plaintiffs Wolverine Proctor & Schwartz, Inc. And
Great American Alliance Ins. To William B. Wilbur's
Motion For Summary Judgment**

Plaintiffs Wolverine Proctor & Schwartz, Inc. and Great American Alliance Insurance Co., Inc. (collectively "Wolverine") submit this response to Defendant William B. Wilbur's Motion for Summary Judgment (Docket No. 21). In the motion of William B. Wilbur ("Wilbur") he claims that he is entitled to summary judgment in his favor because Wolverine failed to state a claim against him upon which relief may be granted, the claims against him are moot[1] and this Court lacks personal jurisdiction over him. Wolverine, following discussions with Wilbur's counsel in accordance with Local Rule 7.1(A)(2) and in reliance upon representations made by Wilbur in his interrogatory and supplemental interrogatory answers and upon representations made by Wilbur's counsel that a serious heart condition prevents Wilbur from subjecting himself to a deposition, has agreed to a dismissal of Wilbur from this suit due to this

---

[1] In the Memorandum of Points and Authorities In Support of XYZ Tape Corp.'s And William B. Wilbur's Motion For Summary Judgment (the "Wilbur Memorandum") Wilbur does not discuss Federal Rule of Civil Procedure 12(b)(6) or the standards that pertain to it when stating that no claim exists against him. To the contrary, section IV(B)(1) of the Wilbur Memorandum cites to evidence to support argument as to alleged mootness. It is in section IV(B)(2) of the Wilbur Memorandum that Wilbur argues why this Court lacks personal jurisdiction over him.

Court's lack of personal jurisdiction over him. It is elementary, however, that a dismissal for lack of personal jurisdiction does not operate as adjudication on the merits. E.g., Fed. R. Civ. P. 41(b); Swift v. McPherson, 232 U.S. 51, 56 (1914) (citing in part Hughes v. United States, 71 U.S. 232, 237 (1866)). Therefore, the Court is without power to reach the merits of other matters addressed in his motion and he is not entitled to any judgment on the merits as part of the Court's order dismissing him from this case.

        Respectfully submitted,

        Wolverine Proctor & Schwartz, Inc.
        Great American Alliance Insurance Co., Inc.

        by its attorneys,

        */s/ Matthew J. Walko*

        _____
        Matthew J. Walko (BBO No. 562172)
        SMITH & DUGGAN LLP
        Two Center Plaza, Suite 620
        Boston, Massachusetts 02108-1906
        (617) 228-4400

Dated: August 11, 2005