# MODEL BUSINESS CORPORATION ACT
## ANNOTATED

A Research Project of the
AMERICAN BAR FOUNDATION

GEORGE C. SEWARD, Chairman Special Committee
JAMES F. SPOERRI, Project Director

Edited by the
COMMITTEE ON CORPORATE LAWS
LEONARD D. ADKINS, Chairman

Section of Corporation, Banking and Business Law
American Bar Association

## Volume 2
### Sections 43 to End




Published for
AMERICAN BAR FOUNDATION
by
WEST PUBLISHING COMPANY
1960

preciative of
"Model Busi-
ially grateful
volume who

MINISTRATOR
ION

# PREFACE

These volumes are the product of a cooperative effort by the Committee on Corporate Laws (Section of Corporation, Banking and Business Law of the American Bar Association) and by the American Bar Foundation. They bring to fruition many years of work. The first draft of the Model Business Corporation Act was reported to the Section by the Committee on Corporate Laws (then called Committee on Business Corporations) in 1946, but not until 1950 did the text assume substantially its present form. In November of that year it was published in *The Business Lawyer*. The Committee continued its critical reappraisal and in 1953 a further revised edition and a volume of official forms were published for distribution through the Committee on Continuing Legal Education of the American Law Institute. Since that time three addenda to the Model Act have been prepared, one in 1955, one in 1957 and one in 1959. The text presented herewith is the 1953 edition as revised by the 1959 cumulative addendum.

Already the Model Business Corporation Act has had considerable influence on American corporation law. It has been utilized as the basis for the new business corporation acts of Wisconsin (1951), Oregon (1953), District of Columbia (1954), Texas (1955), North Carolina (1955), Virginia (1956), North Dakota (1957), Alaska (1957), Colorado (1958) and Iowa (1959). In addition Maryland (1950), Alabama (1959) and Connecticut (1959) have used it in part.

The purpose of this annotated edition is to provide a practical reference work which will be of value to the working lawyer by giving him a brief summary of the law as background for consideration of his problem. Also it will provide a starting point for such further research as he may require. It has been designed to be helpful both to the student and to the teacher, and since it uses the Model Act as the basis for comparing the statutes of the various states, it should also be of value to bar groups and others who are interested in recommending improvement in their own corporation statutes. We earnestly request our readers to note that the annotations are not intended to be exhaustive treatises. Their limitations are stated in the Introduction.

# Section 98
# SURVIVAL OF REMEDY AFTER DISSOLUTION

¶ 1. MODEL ACT PROVISION.

¶ 2. STATUTORY PROVISIONS.
    ¶ 2.01  Comparable statutory provisions.
    ¶ 2.02  Other statutory provisions.
        (1) Suits after dissolution.
        (2) Suits pending at time of dissolution.
        (3) Renewal or extension of corporate existence.
        (4) Time limit on suits.
        (5) Time limit on creditors' claims.
        (6) Other.

¶ 3. CASES.
    ¶ 3.01  Suits generally.
    ¶ 3.02  Federal criminal prosecutions.
    ¶ 3.03  Service of process on dissolved corporations.
    ¶ 3.04  Foreign corporations.
    ¶ 3.05  Abatement.
        (1) Generally.
        (2) After expiration of statutory extension.
    ¶ 3.06  Effective date of dissolution.

¶ 4. COMMENT.

¶ 5. REFERENCES.
    Texts and Digests.
    Annotations.
    Casebooks.
    Law Review Articles.

¶ 6. STATUTES.

¶ 1. MODEL ACT PROVISION

## § 98. SURVIVAL OF REMEDY AFTER DISSOLUTION

The dissolution of a corporation either (1) by the issuance of a certificate of dissolution by the Secretary of State, or (2) by a decree of court when the court has not liquidated the assets and business of the corporation

531

§ 98     REMEDY AFTER DISSOLUTION
¶ 2

as provided in this Act, or (3) by expiration of its period of duration, shall not take away or impair any remedy available to or against such corporation, its directors, officers, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within two years after the date of such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name. The shareholders, directors and officers shall have power to take such corporate or other action as shall be appropriate to protect such remedy, right or claim. If such corporation was dissolved by the expiration of its period of duration, such corporation may amend its articles of incorporation at any time during such period of two years so as to extend its period of duration.

¶ 2.  STATUTORY PROVISIONS

¶ 2.01  Comparable statutory provisions

Alaska, Iowa, North Dakota, Wisconsin and the District of Columbia have substantially similar provisions. Colorado which in 1958 adopted section 98 amended the provision in 1959 so as to substitute the words "in any manner" for the three numbered clauses, and to insert an extensive provision relating to disposition of the corporate property. Illinois and Kentucky are similar to the Model Act except for omission of the last two sentences. Iowa provides further that a corporation which has been dissolved or whose period of duration has expired by limitation or otherwise, may nevertheless continue to act for the purpose of conveying title to the property and otherwise winding up its affairs. Missouri is like Illinois except that a separate section provides for renewal of corporate charters within two years of expiration. Pennsylvania, also similar, adds a provision dealing with the power of a corporation to enforce its property rights. Oregon sets a limit of five years rather than two years on both right of action and renewal of charter and Texas limits the time to three years. Virginia omits the last sentence of the section and sets no time limit on rights of action.

¶ 2.02  Other statutory provisions

(1) *Suits after dissolution.* All jurisdictions provide, as does the Model Act, for bringing (or continuing) suits after dissolu-