# Model Business Corporation Act Annotated

## Second Edition

A Research Project of the
AMERICAN BAR FOUNDATION

Ray Garrett, Sr., Chairman, Editorial Committee
Philip Hablutzel, Research Director

Edited by the
COMMITTEE ON CORPORATE LAWS
WILLARD P. SCOTT, Chairman

Section of Corporation, Banking and Business Law
American Bar Association

### Volume 2
### Sections 48 to End

 

Published for
AMERICAN BAR FOUNDATION
by
WEST PUBLISHING COMPANY
1971

# PREFACE

The first edition of the Model Business Corporation Act Annotated was prepared by the Committee on Corporate Laws (Section of Corporation, Banking and Business Law of the American Bar Association) and published in 1960 under the auspices of the American Bar Foundation. The Model Act as a statutory concept was developed in 1946 and was published in 1950 in substantially the form since followed.

Some four years ago the Committee recognized that intervening changes in statutory controls and in judicial interpretations warranted a reappraisal both of the Model Act and of the Annotations. Adoption of the Model Act substantially in whole by 20 states and in large part by 10 additional states is evidence of its usefulness as a legislative revision tool and as an instrument conducive to uniformity in an area where interstate operation is commonplace.

Despite this widespread reliance upon the Model Act as then constituted, the Committee on Corporate Laws concluded that opportunities for improvement would be disclosed by a searching re-examination of the rationale of each section and of the manner in which it has functioned. Consuming some three years, this careful study led the Committee to the most significant revision of the Model Act since its first publication. As so revised, the Model Act was republished as the 1969 Edition.

In concluding to undertake the task of revising this work, the Committee on Corporate Laws believed that its major contribution would be the complete rewriting of the "Comments" following each section, expanded to encompass some share of the collective experience of the Committee members. It was intended that as enlarged and rewritten the "Comments" should be helpful to the practitioner, a more effective tool for the legislative draftsman and a guide to the judiciary concerning legislative intent. The significant changes in the Model Act are also mentioned in the "Comment" following each section, with such explanation as seemed needed.

The case discussion has been reviewed and revised and duplications omitted. Decisions of interest during the past three years have been supplied by Professor Harry Henn of Cornell Law School. The official forms provided for use by the various Sec-

# Section 105

# SURVIVAL OF REMEDY AFTER DISSOLUTION

¶ 1. MODEL ACT PROVISION.

¶ 2. COMMENT.

¶ 3. STATUTORY PROVISIONS.
- ¶ 3.01  Identical or identical in substance.
- ¶ 3.02  Comparable statutory provisions.
- ¶ 3.03  Other statutory provisions.
    - (1) General.
    - (2) Effect of dissolution on remedies.

¶ 4. CASES.
- ¶ 4.01  Suits generally.
- ¶ 4.02  Federal criminal prosecutions.
- ¶ 4.03  Service of process on dissolved corporations.
- ¶ 4.04  Foreign corporations.
- ¶ 4.05  Abatement.
    - (1) Generally.
    - (2) After expiration of statutory extension.
- ¶ 4.06  Effective date of dissolution.

¶ 5. REFERENCES.
   Texts and Digests.
   Annotations.
   Casebooks.
   Law Review Articles.
   Law Review Notes and Comments.

¶ 6. STATUTES.

¶ 1.  MODEL ACT PROVISION

§ 105.  SURVIVAL OF REMEDY AFTER DISSOLUTION

The dissolution of a corporation either (1) by the issuance of a certificate of dissolution by the Secretary of State, or (2) by a decree of court when the court has not liquidated the assets and business of the corporation as provided in this Act, or (3) by expiration of its period of duration, shall not take away or impair any remedy available to or against such corporation, its directors, officers, or shareholders, for any right or claim exist-

595

§ 105  REMEDY AFTER DISSOLUTION
¶ 1

ing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within two years after the date of such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name. The shareholders, directors and officers shall have power to take such corporate or other action as shall be appropriate to protect such remedy, right or claim. If such corporation was dissolved by the expiration of its period of duration, such corporation may amend its articles of incorporation at any time during such period of two years so as to extend its period of duration.

¶ 2. COMMENT

The dissolution of a corporation at common law terminated its legal existence. It could neither sue nor be sued and dissolution abated pending proceedings. As a consequence there grew up a body of equity law allowing suits to be brought against directors and shareholders on the principle of tracing the funds of the corporation after dissolution. Ultimately every jurisdiction adopted statutes allowing action to be brought by or against dissolved corporations and preventing actions from abating on dissolution, whether voluntarily or involuntarily or because of charter expiration.

The problem of suability of a foreign corporation which has been dissolved under the law of the state of its incorporation and the inter-relationship between the survival-of-remedy-after-dissolution provisions of the forum in which it sought to sue and the state of incorporation has not been solved. See also comment under section 119, Withdrawal of Foreign Corporation.

¶ 3. STATUTORY PROVISIONS

¶ 3.01 Identical or identical in substance

Alaska, North Dakota, South Dakota, Utah and Washington have provisions identical to the Model Act.

Tennessee, Wisconsin, Wyoming and the District of Columbia have provisions identical in substance.

¶ 3.02 Comparable statutory provisions

Colorado, Georgia, Illinois, Iowa, Kentucky, Mississippi, Montana, Nebraska, New Mexico, Oregon, South Carolina, Texas and Virginia have comparable provisions.

596