UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| WOLVERINE PROCTOR & SCHWARTZ INC., and GREAT AMERICAN ALLIANCE INSURANCE CO., INC.<br>　　　Plaintiffs<br><br>v.<br><br>XYZ TAPE CORP., f/k/a PATCO CORP., WILLIAM B. WILBUR, and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br>　　　Defendants. | Civil Action No. 04-12189RWZ |

### DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Fed.R.Civ.P. 26 and 33, the defendant, Travelers Property Casualty Company of America ("Travelers"), responds as follows to the plaintiffs' First Set of Interrogatories:

### GENERAL OBJECTIONS

1. Travelers objects to this request to the extent it seeks any information that is protected by the attorney-client privilege.

2. Travelers objects to this request to the extent it seeks any information that is protected by the work-product doctrine.

3. Travelers objects to this request to the extent it calls for information that is outside the scope of the Federal Rules of Civil Procedure.

INTERROGATORY NO. 1

Please identify what Patco told Travelers about the cause of the incident?

RESPONSE NO. 1

Objection: Overbroad; vague as to time; may call for information protected by the work product doctrine or attorney client privilege. Subject to the foregoing, Travelers states as follows: Patco informed Travelers that the incident was caused by the apparent failure or absence of an interlock device.

INTERROGATORY NO. 2

Please identify what Travelers told Patco about the cause of the incident?

RESPONSE NO. 2

Objection: Overbroad; vague as to time; may call for information protected by the work product doctrine or attorney client privilege. Subject to the foregoing, Traveler states as follows: Travelers had not "told" Patco about the cause of the incident.

INTERROGATORY NO. 3

Please identify what Travelers told Patco, its insurance agent, Cain & Divver Insurance Inc., and/or William B. Wilbur concerning Travelers' investigation, consideration and/or pursuit of subrogation litigation concerning the incident or Wolverine.

RESPONSE NO. 3

Objection: Overbroad; vague as to time; may call for information protected by the work product doctrine or attorney client privilege. Subject to the foregoing, Travelers states as follows: Travelers informed Patco that it would pursue a subrogation action against Wolverine.

INTERROGATORY NO. 4

Please state the basis of Travelers' contention, if any, that a relationship of trust and confidence failed to exist between Patco and Travelers with respect to Travelers' pursuit of subrogation litigation in Patco's name.

2

RESPONSE NO. 4

Objection: Vague and compound; assumes facts that are either disputed, irrelevant or not in evidence; calls for a legal conclusion. Subject to the foregoing and subject to Travelers' ability to comprehend the meaning of the question, Travelers states as follows: the relationship between Travelers and its insured, Patco, is governed by Massachusetts statutory and case law concerning the relationship between an insurer and its insured.

INTERROGATORY NO. 5

Please identify and describe the corporate relationship between The Travelers Property Casualty Company of Illinois and Travelers Property Casualty Company of America from December 31, 1997 to the present, including but not limited to all states of incorporation, principal places of business and common corporate parent or subsidiary relationships and all changes to such relationships.

RESPONSE NO. 5

Objection: Vague and overbroad; seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, Travelers states as follows: there is no company known as "The Travelers Property Casualty Company of Illinois." There was a company called "The Travelers Indemnity Company of Illinois," which is now known as The Travelers Property Casualty Company of America, a Connecticut corporation.

INTERROGATORY NO. 6

Does Travelers contend that it is included in the definition of "you" or "your" under the Policy? If so, please state the basis of that contention.

RESPONSE NO. 6

Objection: Calls for a legal conclusion; vague as to the specific portion of the policy to which the interrogatory refers; irrelevant and not reasonably calculated to lead to the discovery of admissible evidence; the terms of said policy speak for themselves. Subject to the foregoing, Travelers states as follows: Pursuant to the Deluxe Property Coverage Form, "[t]hroughout this policy the words 'you' and 'your' refer to the Named Insured shown in the Declarations."

INTERROGATORY NO. 7

Why does the Policy list "Travelers Property Casualty A Member of TravelersGroup" on the first page of the Policy (that being the "Common Policy Declarations" page) and elsewhere, make reference in § I of the Policy's "Common

3

Policy Conditions— Deluxe" to an agreement between "The Travelers" and "the Named Insured" "to provide the insurance afforded by a Coverage Part forming part of this policy," and in the "Deluxe Property Coverage Form," "Crime General Provisions" form, and the "Commercial General Liability Coverage Form" state "The words 'we,' . . . refer to the company providing this insurance"?

RESPONSE NO. 7

Objection: Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence; vague and overbroad; totally non-sensical in that Travelers is unable to understand the interrogatory.

INTERROGATORY NO. 8

Please state the basis of Travelers' contention, if any, that the indemnity agreements of the Fume Incinerator Contract and/or the Heat Recovery Contract are not insured contracts as defined by the Policy.

RESPONSE NO. 8

Objection: Calls for a legal conclusion. Subject to the foregoing, Travelers states as follows: Travelers' position as to whether the referenced agreements are "insured contracts" is the subject of discovery. At this time, Travelers has no information that the agreements are not "insured contracts."

INTERROGATORY NO. 9

Has Travelers owned, rented or occupied Patco's property?

RESPONSE NO. 9

Objection: Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, Travelers states as follows: No.

INTERROGATORY NO. 10

Why in the Policy's Commercial General Liability Coverage Part did Travelers delete paragraph 2.b. of COVERAGE A.—BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section 1—Coverages) and replace it with the language set forth in endorsement form CG Dl 94 11 97 entitled "Changes in Commercial General Liability Coverage Form" and when did Travelers first begin that practice as to any of its customers?

RESPONSE NO. 10

Objection: Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence; overbroad, esp. as to "other customer"; may call for information that is confidential and proprietary to Travelers' business. Subject to the foregoing, Travelers states as follows: Travelers added the endorsement to make clear to insureds the substance of the policy.

INTERROGATORY NO. 11

Please identify all endorsements or drafts of endorsements that Travelers has used or considered since January 1, 1990, to effectuate a change or amendment to coverage afforded for insured contracts as part of comprehensive or commercial general liability coverage provided by Travelers.

RESPONSE NO. 11

Objection: Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence; overbroad; may call for information that is confidential and proprietary to Travelers' business; the referenced documents speak for themselves. Subject to the foregoing, Travelers states as follows: the changes in the language of the insured contract coverage is reflected in the policy form and the endorsements on the policy issued to Patco.

INTERROGATORY NO. 12

Please identify all communications between Travelers and Patco or Patco's insurance agent or Cain & Divver Insurance Inc. with respect to the marketing or binding of multi-line insurance products, insurance policies containing "deluxe" coverage(s), or comprehensive or commercial general liability insurance concerning coverage for insured contracts from the time Travelers first bound any type of comprehensive or commercial general liability coverage for Patco to the present.

RESPONSE NO. 12

Objection: Irrelevant and not reasonably calculated to lead to the discovery or admissible evidence; overbroad and vague. Subject to the foregoing, Travelers states as follows: Travelers has no direct knowledge of any communications as defined in this interrogatory.

INTERROGATORY NO. 13

Please state the basis of Travelers' contention, if any, that Travelers did not know

5

that Wolverine was making a claim for indemnity, including payment of its attorneys fees, expert witness fees and litigation costs, at minimum after Travelers received Wolverine's Motion for Summary Judgment and its Local Rule 56.1 Statement and Memorandum of Law In Support of its Motion for Summary Judgment dated January 22, 2004 in United States District Court for the District of Massachusetts Civil Action No. 03—10164-RWZ (the "Patco action").

RESPONSE NO. 13

Objection: Vague and compound; assumes disputed facts or facts that are not in evidence. Travelers was aware that Wolverine was making a claim for indemnity; however, it seriously questions the basis of that claim.

INTERROGATORY NO. 14

Please state the basis of Travelers' contention, if any, that Travelers' claims against Wolverine leading up to and then as part of the Patco action did not or do not arise out of the installation, maintenance or operation of the Fume Incinerator Equipment and/or the Heat Recovery Equipment.

RESPONSE NO. 14

Objection: May call for information protected by the attorney client privilege or work product doctrine. Subject to the foregoing, Travelers states as follows: The claims against Patco arise out of the start-up services provided by Wolverine independent of the sales contract. Wolverine failed to test and confirm the existence of interlocking during the separately purchased start-up services for both the thermal oxidizer and the heat recovery system, despite the fact that it was industry standard to perform such testing and confirmation during these start-up services.

INTERROGATORY NO. 15

Was Travelers aware prior to the commencement of the Patco action or at any other time of instances or the potential for instances where its pursuit of subrogation litigation on a property loss suffered by its insured triggered or allegedly could trigger insured contract coverage with respect to comprehensive or commercial general liability coverage afforded by Travelers or Travelers affiliated entities; and, if so, what precautions, training or other actions has Travelers undertaken to avoid that result?

RESPONSE NO. 15

Objection: Vague and compound; seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence; assumes disputed facts and facts that are not in evidence. Subject to the foregoing, Travelers states as follows:

Travelers disputes whether its "pursuit of subrogation" in this case would trigger insured contract coverage under the CGL policy to Patco and Travelers further disputes whether that question is relevant to this matter.

INTERROGATORY NO. 16

Does Travelers believe it is a fair business practice to expose its insured to liability because of the manner in which Travelers conducts subrogation litigation in that insured's name? If so, please state the basis for that belief.

RESPONSE NO. 16

Objection: Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence; assumes facts that are disputed and not in evidence; argumentative.

INTERROGATORY NO. 17

Does Travelers believe it is a fair business practice for an insurance company to conduct subrogation litigation in the name of its insured after that insurance company has instructed its insured to dispose of evidence that the insured had preserved while the insurance company was investigating its insured's loss? If so, please state the basis for that belief.

RESPONSE NO. 17

Objection:  Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence; assumes facts that are disputed and not in evidence; argumentative.

INTERROGATORY NO. 18

Please identify and describe the circumstances of Travelers' creation, publication, and/or distribution of endorsement form CG Dl 94 11 97 entitled "Changes in Commercial General Liability Coverage Form" and identify and describe the circumstances in which Travelers' believes the use of that endorsement is proper.

RESPONSE NO. 18

Objection: Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence; vague and compound; may call for information about Travelers' business practices that is confidential and proprietary.

INTERROGATORY NO. 19

Please state the basis of Travelers' contention, if any, that it has acted reasonably

promptly with respect to the claim of Wolverine for indemnity from Patco and state whether Travelers has denied coverage for that claim; and if so, identify when, how, for what reasons, and based upon what facts Travelers has denied coverage for that claim.

RESPONSE NO. 19

Objection: Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence; argumentative; vague and compound. Subject to the foregoing, Travelers states as follows: Travelers has assigned counsel to respond to the Wolverine claim for indemnification from Patco. Travelers is providing a defense to Patco for that claim.

INTERROGATORY NO. 20

Please identify who investigated Wolverine's claim against Patco on Travelers' behalf, and identify all persons interviewed, documents reviewed, and coverage opinions relied upon during the course of that investigation.

RESPONSE NO. 20

Objection: Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence; vague and compound; may call for information protected by the attorney client privilege or work product doctrine. Subject to the foregoing, Travelers states as follows: the analysis of Wolverine's claims against Patco were conducted by counsel and all such activity is privileged and confidential.

INTERROGATORY NO. 21

Please state whether Travelers relies upon or intends to rely upon course of performance, course of dealing, usage of trade, or trade practice to interpret the Policy with respect to issues involved in this action; and if so, please identify and describe the nature of such reliance, state the basis for the need for such reliance, and identify the documents that or persons whose testimonies evidence the existence of such course of performance, course of dealing, usage of trade, or trade practice.

RESPONSE NO. 21

Objection: Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence; compound; may call for information protected by the attorney client privilege or work product doctrine; the interrogatory is premature in that discovery is ongoing; vague. Subject to the foregoing, Travelers states as follows: Travelers has not made any determinations as to the arguments it intends to raise in this litigation. At this time, Travelers intends to rely on the language of the policy.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY, THIS 23 DAY OF MAY, 2005. The foregoing responses are based on the personal knowledge of the person signing or on information and belief after reasonable inquiry.

_____
Theresa Gay

AS TO OBJECTIONS:
**Travelers Property Casualty**
**Company of America**
By its attorneys,

_____
Joseph S. Berman
BBO # 566006
Berman & Dowell
210 Commercial Street, Suite 500
Boston, MA 02109
617-723-9911

## CERTIFICATE OF SERVICE

I, Joseph S. Berman, hereby certify that on this 23rd day of May, 2005, I filed a copy of the foregoing by first class mail postage prepaid to the following: Matthew J. Walko, Esq., Smith & Duggan LLP, Two Center Plaza, Suite 620, Boston, MA 02108; and Lee MacPhee, Esq., Morrison Mahoney LLP, 250 Summer Street, Boston, MA 02210.

_____
Joseph S. Berman