UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                              )
WOLVERINE PROCTOR & SCHWARTZ  )
INC., and GREAT AMERICAN            )
ALLIANCE INSURANCE CO., INC.       )
          Plaintiffs                            )
                                              )          Civil Action No. 04-12189RWZ
v.                                             )
                                              )
XYZ TAPE CORP., f/k/a PATCO CORP.,  )
WILLIAM B. WILBUR, and                )
TRAVELERS PROPERTY CASUALTY     )
COMPANY OF AMERICA,                  )
          Defendants.                         )
_____)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
BY DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA**

Pursuant to Fed.R.Civ.P. 56 and Local Rule 7.1, defendant, Travelers Property Casualty

Company of America ("Travelers"), moves this Court for summary judgment on Count II of the

plaintiffs' Complaint (the only count asserted against Travelers), which appears to seek a

declaratory judgment of insurance coverage as to Travelers.  For the reasons set forth in the

accompanying memorandum of law, the plaintiffs have no standing to assert a claim directly

against Travelers.

### I.     Background

In this action, plaintiffs Wolverine, Proctor & Schwartz, Inc. and Great American

Insurance Company (hereinafter, collectively, "plaintiffs"), have sued Travelers, along with

Travelers' insured, XYZ Tape Corp., f/k/a Patco Corp., and William Wilbur (hereinafter,

collectively, "Patco").  Both plaintiffs are corporations.  (Complaint, paras. 2 and 3).

The case arises out of an incident at a Patco manufacturing facility in Rhode Island on or

about January 29, 2000.  (Complaint, para. 34).  The Complaint alleges that, at all relevant times,

Travelers insured Patco.  (Complaint, para. 32-33).  After settling Patco's damages claims,

Travelers commenced a subrogation action against Wolverine, Proctor & Schwartz

("Wolverine"), Civil Action No. 03-10164-RWZ (United States District Court, District of

Massachusetts) (Complaint, para. 37).  The subrogation action asserted claims against Wolverine

for negligence, strict liability and breach of implied warranty.  (Complaint, para. 38).

Great American Insurance Company has insured Wolverine at all relevant times.

(Complaint, para. 41).

In the present case, the plaintiffs allege that they are entitled to defense and indemnity

from Patco in responding to the subrogation action on account of various contracts entered into

between Patco and Wolverine.  (Complaint, para. 48).  There are two counts against Patco:

declaratory judgment and breach of contract.

In Count II in this case, the plaintiffs allege that "an actual and justiciable controversy

exists between Plaintiffs and XYZ Tape and [Travelers] as to whether coverage is afforded by

the CGL policy [issued by Travelers to Patco] by virtue of the indemnity agreements in the

[Patco-Wolverine contracts]."  (Complaint, para. 53).  Count II of the Complaint is the only

count asserted directly against Travelers.

    **II.**    <u>**Argument**</u>

    <u>    **A)**</u>    <u>**No Direct Action**</u>

Although the allegations in Count II are not clear, it appears that the plaintiffs are seeking

a declaratory judgment as to whether there would be coverage under the Travelers policy <u>if</u> the

plaintiffs were to recover on their breach of contract and declaratory judgment counts against

Patco.  Although Count II also makes allegations that Travelers has violated Mass .G.L c. 93A

and 176D, the Massachusetts insurance bad faith statute, those claims appear to be derivative of

the claim for declaratory relief.  In fact, there is no separate claim for alleged damages against

Travelers under chapter 93A.  Again, the sole count asserts a request for "declaratory judgment."

To the extent that the plaintiffs seek a declaration of coverage, they have no standing do

to so.  Well-accepted Massachusetts law (which governs this case) provides that a third party

plaintiff such as Wolverine or Great American Insurance, has no standing to insert itself into a

question of insurance coverage.  To the extent that Travelers denies that its insurance policy to

Patco would cover the plaintiff's claims for declaratory judgment and breach of contract, that

dispute would be solely between Travelers and its insured.[1]

Under Massachusetts law, a third party may not pursue a direct action for breach of

contract or declaratory relief against the alleged tortfeasor's insurer until such time as the injured

party obtains a judgment against the alleged tortfeasor.[2]  To obtain compensation from the

tortfeasor's insurer, Massachusetts requires the injured party to follow a two step process.  First,

a judgment must be obtained against the insured.  Then, the insurer may be pursued, if the

---

[1]Presumably, the plaintiffs would have to argue that the contracts between Wolverine and Patco are "insured contracts" under the Travelers policy.  Travelers takes no position on this question, except that it asserts that the plaintiffs have no standing to seek a declaratory judgment as to whether those contracts are covered under the Travelers policy as insured contracts.

[2]A third party would have standing to pursue a direct statutory action under Mass. G.L. c. 93A (and, through c. 93A, an action under G.L. c. 176D), to the extent that an insurer denies that its insured was liable to the third party and the plaintiff believes that the insured's liability was "reasonably clear."  However, this situation is different from the situation here, where in Count II the plaintiffs seek a determination as to insurance coverage under a policy of liability insurance.  And, as we will discuss in Section (B), *post.*, actions under c. 93A for violations of chapter 176D, § 3 are available only to individual consumer plaintiffs, not businesses.

3

judgment is not satisfied.  The most obvious reason for requiring this two step process is that the insurer may have a defense, *vis-a-vis* its insured, such as a breach of the cooperation clause or because the plaintiffs' claim is excluded from coverage under the terms of the insurance policy. It is procedurally difficult, and sometimes substantively impossible, to raise such defenses in conjunction with the third party's original action.  *See* Tessier v. State Farm Mutual Ins. Co., 458 F.2d 1299, 1299 (1ˢᵗ Cir. 1972) (affirming district court's dismissal of direct action by injured party against alleged tortfeasor's insurer for failure to state a claim where third party did not first obtain judgment against alleged tortfeasor and noting that Massachusetts does not have a direct action statute); Connolly v. Bolster, 187 Mass. 266, 271 (1905) (if right to enforce judgment existed at all, employee could enforce judgment against employer's insurer only by attaching the debt due from the insurer to the employer).  *See, generally*, Windt, Insurance Claims and Disputes, Sec. 9.10 - 9.12 (3d ed. 1995) ("Normally, the party who claims to have been injured by the insured may not sue the insurance company until after having obtained a judgment against the insured.").  Although a so-called "direct action statute" may, in some instances, provide a right to sue the insurer, Massachusetts has no such statute. Accordingly, the plaintiffs' only remedy is to pursue Patco.

In addition to the above cases, the Massachusetts Appeals Court discussed the standing issues in Donovan v. Commercial Union Ins. Co., 44 Mass. App. Ct. 596 (1998).  There, a homeowner on the Cape sued a construction contractor's insurance company for faulty workmanship in building a retaining wall.  The insurer had declined to cover the loss based on an exclusion in its policy.  The Superior Court granted the insurer's motion for summary judgment on the grounds that the plaintiff did not have standing "to proceed directly against the tortfeasor's

4

insurer," and the Appeals Court affirmed in an unpublished opinion.  <u>Donovan v. Commercial</u>

<u>Union Ins. Co.</u>, 33 Mass. App. Ct. 1105 (1992) (the procedural history is discussed in the opinion

in a related case, 44 Mass. App. Ct. at 597-598).  The Superior Court held that, "The mere

existence of that right to maintain an action [against the tortfeasor] does not entitle the injured

party to proceed directly against the tortfeasor's insurer."  44 Mass. App. Ct. at 598.

The rule against injured persons suing insurance companies makes sense, since there is no

direct contractual relationship between the plaintiffs and insurers, such as Travelers.

Accordingly, there is no case or controversy between the plaintiffs and Travelers, and the

plaintiffs' claim is merely potential and contingent.

**B)**    **No Standing and No Private Cause of Action**

Even if the plaintiffs' claims sought relief under Mass. G.L. c. 93A, for an alleged failure

to settle the claims brought by the plaintiffs against Patco, those claims also are deficient and

summary judgment should be entered in favor of Travelers.

In paragraph 52 of Count II, again, the only count against Travelers, the plaintiffs

<u>appear</u> to allege that Travelers' position in this case violates Mass. G.L. c. 176D, § 3(9).  That

statute has many sub-parts, and the complaint does not specify the particular section.  All of the

sub-parts of Section 3(9) of chapter 176D deal with insurance company claim handling practices,

such as the conduct at issue in this case.

The problem with this theory is that the plaintiffs have no standing to assert it, and the

statutes relied on do not provide the plaintiffs with a private cause of action.  Chapter 176D

contains no private cause of action.  <u>Kiewit Const. Co. v. Westchester Fire Ins. Co.</u>, 878 F.Supp.

298, 301 (D.Mass. 1995).  Violations of c. 176D may be litigated by a private plaintiff under c.

5

93A.  Chapter 93A, in turn, contains two relevant sections: Section 9, which governs claims by individual consumer plaintiffs, and Section 11, which governs claims by business or corporate plaintiffs.  For purposes of Count II, there is a critical distinction between Sections 9 and 11.  Section 9, sub-paragraph 1, refers specifically to claims under G.L. c. 176D, § 3(9), and incorporates them into a chapter 93A, § 9 action.  However, section 11 of chapter 93A contains no reference to chapter 176D, § 3(9).   Section 11, unlike Section 9, does not incorporate violations of c. 176D within its prohibitions.  See Jet Line Services, Inc. v. American Employers Ins. Co., 404 Mass. 706, 717 n. 11 (1989); Polariod Corp. v. Travelers Indemnity Co., 414 Mass. 747, 754 (1993); Transamerica Ins. Group v. Turner Construction Co., 33 Mass. App. Ct. 446, 452 (1992); F.C.I. Realty Trust v. Aetna Casualty & Surety Co., 906 F.Supp. 30, 32, fn. 1 (D. Mass 1995) (O'Toole, J).

Accordingly, businesses, such as the plaintiffs here, have no standing to bring a claim pursuant to c. 176D, § 3(9) and their claim against Travelers for alleged violations of c. 93A fails as a matter of law.  Thus, to the extent that Count II asserts a claim for violation of chapter 176D independent of the question of insurance coverage, the plaintiffs have no standing to assert it.

### III.    Conclusion

For all of the foregoing reasons and for the reasons set forth at oral argument, the

defendant Travelers Property Casualty Company respectfully requests that the Court enter

summary judgment in its favor as to Count II.


Respectfully submitted,
Travelers Property Casualty
Company of America


  /s/ Joseph S. Berman
Joseph S. Berman, Esq.
BBO No. 566006
Berman & Dowell
210 Commercial St.
Boston, MA 02109
617-723-9911


### CERTIFICATE OF SERVICE

I, Joseph S. Berman, hereby certify that on this 23rd day of September, 2005, I filed a copy
of the foregoing by electronic means with the United States District Court for the District of
Massachusetts using the CM/ECF system, which will send notification to the following: Matthew
J. Walko, Esq., Smith & Duggan LLP, Two Center Plaza, Suite 620, Boston, MA 02108; and Lee
MacPhee, Esq., Morrison Mahoney LLP, 250 Summer Street, Boston, MA 02210 and that the
document has been served on all counsel of record in compliance with the Federal Rules of Civil
Procedure.


/s/ Joseph S. Berman
Joseph S. Berman