UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WOLVERINE PROCTOR & SCHWARTZ INC., and GREAT AMERICAN ALLIANCE INSURANCE CO., INC.<br>    Plaintiffs<br><br>v.<br><br>XYZ TAPE CORP., f/k/a PATCO CORP., WILLIAM B. WILBUR, and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br>    Defendants. | Civil Action No. 04-12189RWZ |

**STATEMENT OF FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT BY DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA**

Pursuant to Fed.R.Civ.P. 56 and Local Rules 7.1 and 56.1, the defendant, Travelers Property Casualty Company of America ("Travelers"), submits the following Statement of Undisputed Facts in support of its Motion for Summary Judgment

1.  In this action, plaintiffs Wolverine, Proctor & Schwartz, Inc. and Great American Insurance Company (hereinafter, collectively, "plaintiffs"), have sued Travelers, along with Travelers' insured, XYZ Tape Corp., f/k/a Patco Corp., and William Wilbur (hereinafter, collectively, "Patco").

2.  Both plaintiffs are corporations. (Complaint, paras. 2 and 3).

3.  The case arises out of an incident at a Patco manufacturing facility in Rhode Island on or about January 29, 2000. (Complaint, para. 34). The Complaint alleges that, at all relevant times, Travelers insured Patco. (Complaint, para. 32-33). After settling Patco's

damages claims, Travelers commenced a subrogation action against Wolverine, Proctor & Schwartz ("Wolverine"), Civil Action No. 03-10164-RWZ (United States District Court, District of Massachusetts) (Complaint, para. 37). The subrogation action asserted claims against Wolverine for negligence, strict liability and breach of implied warranty. (Complaint, para. 38).

4. Great American Insurance Company has insured Wolverine at all relevant times. (Complaint, para. 41).

5. In the present case, the plaintiffs allege that they are entitled to defense and indemnity from Patco in responding to the subrogation action on account of various contracts entered into between Patco and Wolverine. (Complaint, para. 48). There are two counts against Patco: declaratory judgment and breach of contract.

6. In Count II in this case, the plaintiffs allege that "an actual and justiciable controversy exists between Plaintiffs and XYZ Tape and [Travelers] as to whether coverage is afforded by the CGL policy [issued by Travelers to Patco] by virtue of the indemnity agreements in the [Patco-Wolverine contracts]." (Complaint, para. 53). Count II of the Complaint is the only count asserted directly against Travelers.

Respectfully submitted,
Travelers Property Casualty
Company of America

  /s/ Joseph S. Berman
Joseph S. Berman, Esq.
BBO No. 566006
Berman & Dowell
210 Commercial St.
Boston, MA 02109
617-723-9911

CERTIFICATE OF SERVICE

      I, Joseph S. Berman, hereby certify that on this 23rd day of September, 2005, I filed a copy of the foregoing by electronic means with the United States District Court for the District of Massachusetts using the CM/ECF system, which will send notification to the following: Matthew J. Walko, Esq., Smith & Duggan LLP, Two Center Plaza, Suite 620, Boston, MA 02108; and Lee MacPhee, Esq., Morrison Mahoney LLP, 250 Summer Street, Boston, MA 02210 and that the document has been served on all counsel of record in compliance with the Federal Rules of Civil Procedure.

      /s/ Joseph S. Berman
      Joseph S. Berman