UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS, a/s/o PATCO CORPORATION,<br>    Plaintiff<br><br>v.<br><br>WOLVERINE (Massachusetts) CORPORATION,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 03-10164-RWZ |

**MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO ASSERT COUNTERCLAIM**

The plaintiff, The Travelers Indemnity Company of Illinois, as subrogee of Patco Corporation, along with The Travelers Property Casualty Company of America (hereinafter, "Travelers"), opposes the defendant's motion to amend its answer to assert a counterclaim against Travelers because the proposed counterclaim is duplicative of a claim brought by the defendant in a separate action in this Court. In order to avoid waste and duplication, the Court should deny the defendant's motion.

**BACKGROUND**

This action, as well as the related litigation, <u>Wolverine, et al. v. XYZ Tape Corp., et al</u>. (Civil Action No. 04-12189RWZ) (the related litigation will be referred to as, "the related case"), arise out of the same incident: a fire that took place at the premises of Patco Corporation (a/k/a XYZ Tape Corp. and referred to hereinafter at "Patco")) on January 29, 2000. Patco's claims against Wolverine (Massachusetts) Corporation arise from products and services provided by Wolverine to Patco. Travelers provided insurance coverage to Patco under both a property

insurance policy and a commercial general liability policy.

Having paid substantial sums to Patco under the property policy, Travelers commenced the instant action, as subrogee of Patco, seeking to recover against Wolverine under theories of negligence, breach of warranty and strict liability. This case has been pending since 2003, substantial discovery has taken place, and summary judgment motions have been filed and heard.

In late 2004, Wolverine and its general liability carrier, Great American Alliance Insurance Company ("Great American"), commenced the related case against Travelers and Patco (as well as William Wilbur, alleged to be the president and sole shareholder of Patco, the claims against Mr. Wilbur seeking to pierce the corporate veil). In the related case, Wolverine contends that it is entitled to a defense and indemnity from Patco on account of the claims against it in this case pursuant to agreements between Patco and Wolverine. In addition, Wolverine alleges that it is entitled to additional insured coverage on the Travelers general liability policy issued to Patco. Under theories of breach of contract and declaratory judgment, Wolverine and Great American seek reimbursement of the defense costs in this case, as well as a declaration that Patco must indemnify Wolverine and Travelers must provide insurance coverage on account of the claims brought against Wolverine in this case.

Patco, Wilbur and Travelers have answered in the related case, denying all allegations against them. A Rule 16 Scheduling Conference took place on January 25, 2005 in the related case, a discovery and briefing schedule has been set, and summary judgment motions are to be heard on November 2, 2005. Travelers has had to retain two separate law firms to handle this matter. Robinson & Cole has been retained to represent Travelers in the subrogation case, pursued under the property policy. Berman & Dowell has been retained to defend the related

2

case, which raises coverage issues under the general liability policy. The two litigations are also being handled by separate departments at Travelers. Because the proposed counterclaims would raise coverage issues under the general liability policies, Berman & Dowell would have to enter an appearance in this case in order to defend the coverage-based counterclaims.

Having filed the related case, Wolverine now seeks leave to amend its answer in this case, seeking what appears to be the same relief against Travelers that it seeks in the related action. The proposed counterclaims seek reimbursement of its attorneys' fees in defense of the subrogation case as well as a declaration that Travelers must indemnify Wolverine for any settlement or judgment it will incur in this case. For the reasons set forth below, the proposed counterclaims are unnecessary and wasteful, since Wolverine and Great American have already asserted the same or similar claims in the related case.

## ARGUMENT

The proposed counterclaim runs afoul of Fed.R.Civ.P. 1, which adjures the, "[j]ust, speedy and inexpensive resolution of every action." See, e.g., Resolution Trust Corp. v. City of Boston, 150 F.R.D. 449, 455 (D. Mass. 1993). The Rules of Civil Procedure are not served by the filing of duplicative, wasteful pleadings that do not advance the dispute toward resolution.

There can be no question that the proposed counterclaim duplicates the relief sought in the related case. In both actions, Wolverine and/or Great American seeks reimbursement of defense costs in this case. In both actions, Wolverine and/or Great American seek a declaration that Travelers is obligated to indemnify Wolverine on account of the subrogation claims. Furthermore, the theories of recovery are identical: Wolverine and/or Great American alleges that it is entitled to relief pursuant to the agreements Wolverine entered into with Patco or the general

liability insurance policy issued by Travelers to Patco. There is no material distinction between the cases.

If the proposed counterclaim were allowed to proceed, the result would be a waste of resources. Because the related case and the proposed counterclaim raise coverage issues under the general liability policy, separate counsel will have to enter an appearance to defend the counterclaims. In addition, this case, having been filed well in advance of the related case, is much closer to a trial date. Counsel would have to expend significant resources in order to "catch up" to the discovery, expert consultations and other work that has already been performed.[1]

Another reason to deny the motion to assert counterclaims arises from the potential prejudice to Travelers, Patco (or Wolverine) by mixing issues of insurance coverage and indemnity with the subrogation case. See, e.g., F.R.Evid. 411 (("Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully"). If the Court allowed Wolverine to assert a counterclaim, the jury would inevitably learn that Patco carried insurance for the loss, and this fact could improperly influence their deliberations.

There is no substantial nexus between the subrogation claims and the proposed counterclaims. The subrogation claims will raise issues concerning the fire on January 29, 2000, including issues of the applicable standard of care. The proposed counterclaims raise issues of

---

[1] Related to the timing issue, it appears that counsel for Wolverine has had a copy of the contracts on which the counterclaims are based since November, 2003, if not earlier. There can be no justifiable reason for the delay between November 2003 and December 20, 2004 in seeking leave to assert these proposed counterclaims. (See Exhibit "A" attached hereto).

4

contract interpretation and insurance coverage.

In its Motion, Wolverine apparently argues that it needs to assert a counterclaim in this case because of the separate corporate existence of the Travelers entities that insured Patco: The Travelers Indemnity Company of Illinois and The Travelers Property Casualty Company of America.  (See Wolverine's Brief, p. 4, para. 8).  However, Travelers does not contend that the existence of separate companies would obviate any obligation to defend or indemnify Wolverine, **assuming Wolverine and Great American could prove the substance of their claims**.  The mere implication or perception that two separate underwriting companies, under the same corporate parent, may have a role in the dispute is insufficient as a basis to complicate this case by adding a superfluous counterclaim.  In fact, in the related case, Wolverine and Great American appear to make the same assertion concerning the separate corporate entities.  (See Complaint in related case, para. 52).

The proposed counterclaims add nothing to the overall litigation picture among the parties.  Denial of Wolverine's motion will cause it no prejudice, since the claims in the related case seek the identical relief under the same theories.  The intention appears to be solely to cause Travelers to retain counsel to conduct additional legal work at considerable expense.  The Rules of Civil Procedure are not to be used for gamesmanship or to seek an advantage by forcing one party to needlessly incur expenses.

## CONCLUSION

For all of the foregoing reasons, Travelers respectfully requests that the Court deny the defendant's motion for leave to amend its answer to assert counterclaims.

                                    Respectfully submitted,
                                    Travelers Property Casualty
                                    Company of America

                                    /s/ Joseph S. Berman
                                  Joseph S. Berman, Esq.
                                  BBO No. 566006
                                  Berman & Dowell
                                  210 Commercial St.
                                  Boston, MA 02109
                                  617-723-9911

## CERTIFICATE OF SERVICE

I, Joseph S. Berman, hereby certify that on this 1st day of February, 2005, I filed a copy of the foregoing by electronic means with the United States District Court for the District of Massachusetts using the CM/ECF system, which will send notification to the following: Matthew J. Walko, Esq., Smith & Duggan LLP, Two Center Plaza, Suite 620, Boston, MA 02108; Lee MacPhee, Esq., Morrison Mahoney LLP, 250 Summer Street, Boston, MA 02210; and Danielle Long, Robinson & Cole, One Boston Place, Boston, MA 02108, and that the document has been served on all counsel of record in compliance with the Federal Rules of Civil Procedure.

                                    /s/ Joseph S. Berman

                                    Joseph S. Berman