UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Wolverine Proctor & Schwartz, Inc., and<br>Great American Alliance Insurance Co., Inc.<br>    Plaintiffs,<br><br>v.<br><br>XYZ Tape Corp., formerly known as Patco Corp.,<br>William B. Wilbur, and<br>Travelers Property Casualty Company of America<br>    Defendants. | CIVIL ACTION NO.<br>04-12189-RWZ |

**Plaintiffs' Local Rule 56.1 Concise Statement of Material Facts
In Response To Motion for Partial Summary Judgment By
Defendant Travelers Property Casualty of America**

Plaintiffs Wolverine Proctor & Schwartz, Inc. and Great American Alliance Insurance Co., Inc. (collectively "Wolverine") pursuant to Local Rule 56.1 submit their concise statement of material facts in response to the Statement of Facts In Support Of Motion For Partial Summary Judgment By Defendant Travelers Property Casualty Company Of America (Docket No. 35).

**I.   Wolverine's Concise Statement of Material Facts of Record**

Wolverine incorporates herein by reference its Local Rule 56.1 Concise Statement of Material Facts In Opposition To XYZ Tape's Motion For Summary Judgment (Docket No. 31) and the Affidavit of Matthew J. Walko (Docket No. 32), the statements from section I of which are reproduced below for the Court's convenience.  References to exhibits of the Walko Affidavit are designated "Exhibit #."

A.   In January 1991, Wolverine sold XYZ Tape Corp. (formerly known as Patco Corporation) a thermal oxidizer and associated hardware equipment.  As part of the Thermal Oxidizer sales agreement, XYZ Tape agreed to indemnify and hold Wolverine harmless from

and against all liability, loss, cost, damage and expense attributable to any claim against Wolverine for personal injury and property damage arising out of the installation, maintenance, and operation of the Thermal Oxidizer by XYZ Tape or others whatever the cause or alleged cause of the personal injury and property damage may be. The same indemnity terms were part of the heat recovery unit sale in 1993. William B. Wilbur, President of XYZ Tape, did not object to those terms. See Exhibit 1, Deposition of Eric K. Long, Ex. 191, Ex. 192, and pages 18-26, 94; Exhibit 9, Deposition of William B. Wilbur, pages 146-149.

B.  On January 29, 2000, an incident occurred at XYZ Tape's plant causing property damage (the Incident"). Exhibit 2.

C.  William B. Wilbur, President of XYZ Tape then known as Patco Corporation executed Subrogation Receipts in 2000 and 2001 by which he was informed that Travelers "will use this receipt to help us recover the money we paid you, including your deductible, from the party responsible for your loss." As president of XYZ Tape he assigned and transferred the rights, claims, demands, and interest XYZ Tape may have had against any party for damages suffered concerning the Incident and authorized Travelers, XYZ Tape's insurer, to sue, compromise and settle in XYZ Tape's name all claims arising from the Incident. Exhibit 3.

D.  On March 20, 2000, Travelers asserted a claim against Wolverine for property damage allegedly arising out of the operation of the Thermal Oxidizer by XYZ Tape that caused the Incident. Exhibit 4.

E.  On April 10, 2001, Travelers reasserted a claim against Wolverine for property damage arising out of the operation of the Thermal Oxidizer by XYZ Tape that caused the Incident. Exhibit 5.

F.     On January 7, 2002, Travelers asserted a claim against Wolverine to Great American, Wolverine's insurer, for property damage arising out of the installation, maintenance or operation of the Thermal Oxidizer by XYZ Tape concerning the Incident. Travelers' claim was for $977,321.32. Exhibit 6.

G.     On or about January 24, 2002, CCA, LLC ("CCA") was hired on Wolverine's behalf to investigate Travelers' claim for property damage arising out of the installation, maintenance or operation of the Thermal Oxidizer by XYZ Tape concerning the Incident. Exhibit 7; Walko Affidavit ¶ 10.

H.     Between February 1, 2002 and September 30, 2002, Wolverine incurred $3,407.30 in expenses attributable to a claim made against Wolverine for property damage arising out of the installation, maintenance or operation of the Thermal Oxidizer by XYZ Tape concerning the Incident. Exhibit 7.

I.     Mr. Fred Kern a consulting engineering expert for CCA inspected the Patco facility on September 27, 2002, accompanied by counsel for Travelers, to investigate the claim made against Wolverine for property damage arising out of the installation, maintenance or operation of the Thermal Oxidizer. Exhibit 7.

J.     Wolverine incurred loss, cost, damage or expense attributable to a claim made against Wolverine for property damage arising out of the installation, maintenance or operation of the Thermal Oxidizer by XYZ Tape before the dissolution of XYZ Tape on October 22, 2002.

K.     Travelers informed XYZ Tape that it would pursue a subrogation action against Wolverine. Ex. 8, Travelers Interrogatory Answer No. 3; Ex. 3.

L.     Travelers also knew as of the date its counsel received Wolverine's Motion for Summary Judgment and its Local Rule 56.1 Statement and Memorandum of Law In Support of its Motion

for Summary Judgment dated January 22, 2004 that Wolverine was making a claim for indemnity and XYZ Tape is bound by that knowledge.  Ex. 8, Travelers Interrogatory Answer No. 13

M. Wolverine filed this civil action against XYZ Tape on October 19, 2004 with respect to a right and claim existing and a liability incurred prior to XYZ Tape's dissolution. See Docket No. 1, Complaint and Jury Demand.

## II. Wolverine's Response to Travelers' Local Rule 56.1 Statement

Wolverine pursuant to Local Rule 56.1 responds according to the numbered paragraphs of the "Statement of Facts In Support Of Motion For Partial Summary Judgment By Defendant Travelers Property Casualty Company Of America" (Travelers' Local Rule 56.1 Statement") as follows:

1. Wolverine admits that the plaintiffs Wolverine, Proctor & Schwartz, Inc. and Great American Alliance Insurance Co., Inc. sued Travelers along with its insured XYZ Tape Corp., formerly known as Patco Corp. (hereinafter "Patco"), and William B. Wilbur.

2. Wolverine admits that both plaintiffs are corporations.

3. Wolverine admits that this case arises out of, among other things, an incident at a Patco manufacturing facility in Rhode Island on January 29, 2000, that caused Patco property damage. Wolverine admits that the complaint alleges in substance that at all relevant times Travelers insured Patco.  Wolverine admits that Travelers paid Patco pursuant to its insurance policy after which it commenced a subrogation action against Wolverine, United States District Court, District of Massachusetts Civil Action No. 03-10164-RWZ (the "Product Liability Action" or "subrogation action").  Wolverine admits that Travelers asserted claims against Wolverine in the subrogation action for negligence, strict liability and breach of implied warranty.

4

4.     Wolverine admits that Great American has insured Wolverine at all relevant times.

5.     Wolverine admits that in the present case the plaintiffs allege that they are entitled to defense and indemnity from Patco in responding to the claims against Wolverine, including those claims asserted in the subrogation action, on account of various contracts entered into between Patco and Wolverine.  Wolverine admits that there are two counts against Patco: declaratory judgment and breach of contract.

6.     Wolverine admits that Court II of the Complaint is the only count asserted directly against Travelers, but controverts that paragraph six accurately characterizes what is alleged in Count II of the Complaint because Count II not only incorporates by reference paragraphs 1-50 of the complaint but includes paragraphs 52, 53, 54 and 55 of which Travelers quotes only a portion of paragraph 53.  See Docket No. 1, Complaint and Jury Demand.  Travelers also is estopped judicially to deny that the Complaint fails to give fair notice of direct claims against Travelers for indemnity, unjust enrichment or estoppel damages as well as a contract claim against Travelers for Travelers' assumption of the indemnity contract pursuant to Mass. Gen. Laws ch. 106, § 2-210 or common law because Travelers in its Memorandum in Opposition To Motion for Leave To Assert Counterclaim in the <u>Product Liability Action</u> (Docket No. 44)[1] made directly inconsistent representations to those sought to be established here in that the claims sought to be filed in that proposed counterclaim were duplicative of the claim brought by Wolverine in this action.  Among other things, Travelers represented at page 5 of that memorandum, "Denial of Wolverine's motion will cause it no prejudice, since the claims in the

---

[1] A copy of Travelers' memorandum in opposition is reproduced at Exhibit 14 to the Memorandum of Wolverine Proctor & Schwartz, Inc. and Great American Alliance Ins. In Opposition To Motion By Defendant Travelers Property Casualty Company For Partial Summary Judgment As To Count II Of The Complaint.

related case seek the identical relief under the same theories." This Court accepted and relied upon Travelers' representation in denying Wolverine's motion in its Order of March 21, 2005, as follows: "Judge Rya W. Zobel: endorsed ORDER entered denying [38] Motion to Amend.  As is appears that the issues defendant seeks to assert in this case <u>are</u> <u>already</u> <u>included</u> <u>in</u> <u>the</u> <u>related</u> <u>case</u>, <u>CA 04-12189</u>.  (Urso, Lisa)" (emphasis added).  Travelers' inconsistent position taken in support of its summary judgment motions would prejudice Wolverine in having those claims heard.[2]

                      Respectfully submitted,

                      Wolverine Proctor & Schwartz, Inc.
                      Great American Alliance Insurance Co., Inc.

                      by their attorneys,

                      */s/ Matthew J. Walko*
                      _____
                      Matthew J. Walko (BBO No. 562172)
                      SMITH & DUGGAN LLP
                      Two Center Plaza, Suite 620
                      Boston, Massachusetts 02108-1906
                      (617) 228-4400

Dated: October 25, 2005

---

[2] Those claims are set forth in the proposed Amended Answer, Counterclaim And Jury Demand in the <u>Product Liability Action</u> (Docket No. 38, Ex. 1) at pages 12 to 26, a copy of which is reproduced at Exhibit 10 to the Memorandum of Wolverine Proctor & Schwartz, Inc. and Great American Alliance Ins. In Opposition To Motion By Defendant Travelers Property Casualty Company For Partial Summary Judgment As To Count II Of The Complaint.