UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Wolverine Proctor & Schwartz, Inc., and<br>Great American Alliance Insurance Co., Inc.<br>    Plaintiffs,<br><br>v.<br><br>XYZ Tape Corp., formerly known as Patco Corp.,<br>William B. Wilbur, and<br>Travelers Property Casualty Company of America<br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

CIVIL ACTION NO.
04-12189-RWZ

**Oral Argument Requested**

**Memorandum of Wolverine Proctor & Schwartz, Inc. And Great American Alliance Ins. In Opposition To Motion By Defendant Travelers Property Casualty Company For To Join In Summary Judgment Motion Filed By XYZ Tape Corp.**

Plaintiffs Wolverine Proctor & Schwartz, Inc. and Great American Alliance Insurance Co., Inc. (collectively "Wolverine") submit this memorandum in opposition to the Motion By Defendant Travelers Property Casualty Company To Join In Summary Judgment Motion Filed By XYZ Tape Corp. (Docket No. 36). XYZ Tape Corp.'s motion for summary judgment is not well taken and should be denied for the reasons stated in the Memorandum of Wolverine Proctor & Schwartz, Inc. And Great American Alliance Ins. In Opposition To XYZ Tape Corp's Motion for Summary Judgment (Docket No. 30), Plaintiff's Local Rule 56.1 Concise Statement of Material Facts In Opposition To XYZ Tape Corp.'s Motion for Summary Judgment (Docket No. 31) and Affidavit of Matthew J. Walko (Docket No. 32). Thus, although Wolverine has no procedural objection in Travelers' merely "joining" in XYZ Tape's motion for summary judgment, it does not afford a legal basis on which to award Travelers summary judgment.

In addition, Wolverine's claims against Travelers for unfair and deceptive business practices in violation of Mass. Gen. Laws ch. 93A, § 2 and § 11 are independent of and are not "entirely derivative" of Wolverine's claims against XYZ Tape as Travelers contends. They will

not be resolved by a ruling on XYZ Tape's motion as whether Travelers has acted unfairly in violation of chapter 93A "must be judged at the time the duty was being exercised, on the basis of what the defendant knew at the time." Peckham v. Continental Cas. Inc. Co., 997 F. Supp. 73, 80 (D. Mass. 1989), aff'd in part, rev'd in part on other grounds as to fee award, 895 F.2d 830 (1st Cir. 1990).  Travelers' *ipse dixit* assertion that Wolverine's claims are "entirely derivative" belies the pleadings and does not constitute legal argument that should be credited by this Court. Local Rule 7.1(B)(1).  Travelers' assertion also fails to sustain its burden of production with respect to any intimated request by it for summary judgment on that ground.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-25 (1986); Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000) and other precedent discussed in sections III and IV of Wolverine's Memorandum In Opposition To Travelers Count II Summary Judgment Motion, infra, Docket No. 38.

　　　　Furthermore, Wolverine's direct contractual assumption and equity claims against Travelers—which are a part of this case by virtue of judicial estoppel—cannot be resolved by the Court's ruling on XYZ Tape's motion for summary judgment because XYZ Tape's dissolution would not extinguish them and Travelers has failed to address the issue in its motion.  See the discussion incorporated herein by reference with respect to the viability of Wolverine's chapter 93A claims and the propriety of applying judicial estoppel against Travelers in sections IV and V of the Memorandum of Wolverine Proctor & Schwartz, Inc. And Great American Alliance Ins. In Opposition To Motion By Defendant Travelers Property Casualty For Partial Summary Judgment As To Count II Of The Complaint (Docket No. 38) and Plaintiffs' Local Rule 56.1 Concise Statement of Material Facts In Response To Motion for Partial Summary Judgment By Defendant Travelers Property Casualty of America (Docket No. 39).  Travelers' motion should be denied.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Wolverine, believing that oral argument would assist the Court in the resolution of Travelers' motion, requests the opportunity to be heard.

        Respectfully submitted,

        Wolverine Proctor & Schwartz, Inc.
        Great American Alliance Insurance Co., Inc.

        by their attorneys,

        */s/ Matthew J. Walko*
        _____
        Matthew J. Walko (BBO No. 562172)
        SMITH & DUGGAN LLP
        Two Center Plaza, Suite 620
        Boston, Massachusetts 02108-1906
        (617) 228-4400

Dated: October 25, 2005