UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12189-RWZ

WOLVERINE PROCTOR & SCHWARTZ, INC., and
GREAT AMERICAN ALLIANCE INSURANCE COMPANY, INC.

v.

XYZ TAPE CORPORATION, formerly known as Patco Corporation,
WILLIAM B. WILBUR and
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

MEMORANDUM OF DECISION

February 10, 2006

ZOBEL, D.J.

In 1991, plaintiff Wolverine Proctor & Schwartz, Inc. ("Wolverine") sold a thermal oxidizer to defendant XYZ Tape Corporation ("XYZ"), incorporated in Rhode Island. The sale of a heat exchange unit by Wolverine to XYZ followed in 1994. Six years later, the thermal oxidizer exploded. XYZ sustained property damage from the explosion, and its insurer, defendant Travelers Property Casualty Company of America ("Travelers"), investigated and blamed the event on faulty installation and start-up services allegedly provided by Wolverine. Accordingly, Travelers filed a subrogation action against Wolverine in the amount of $977,321.32, and eventually, also against plaintiff Great American Alliance Insurance Company, Inc. ("Great American"), Wolverine's insurer. The case is scheduled for trial on May 8, 2006. In the meantime, XYZ voluntarily dissolved in 2002 under the corporate laws of Rhode Island.

Wolverine now argues that the underlying sales agreements, namely, the Fume Incinerator and Heat Recovery Contracts (the "Contracts"), obligate XYZ to indemnify Wolverine for its litigation expenses in defending the suit by Travelers, regardless of whether Wolverine succeeds against Travelers. To that end, Wolverine initiated the instant action against XYZ and William B. Wilbur, former president of XYZ, for declaratory judgment on the questions of indemnification (Count 1) and whether the commercial general liability policy issued by Travelers to XYZ covers amounts owed by XYZ pursuant to the indemnification provisions in the Contracts (Count 2). Travelers is also named as a defendant in Count 2 for alleged unfair and deceptive claims handling practices. Wolverine additionally accused XYZ and Mr. Wilbur of breaching the Contracts, presumably the indemnification provisions (Count 3). Subsequently, Wolverine agreed to dismiss all claims against Mr. Wilbur for lack of personal jurisdiction. XYZ now moves for summary judgment on all counts. Travelers moves both to join XYZ's motion and separately for summary judgment on Count 2.

XYZ's motion for summary judgment relies upon an argument that Wolverine may not pursue indemnification for liabilities incurred after XYZ's dissolution in 2002. (See Mem. in Supp. of XYZ's Mot. for Summ. J. 7). Under Rhode Island law, dissolution

> shall not take away or impair any remedy available to or against the [dissolving] corporation, its directors, officers, or shareholders, for any right or claim existing, or any liability incurred, prior to the dissolution if action or other proceeding on the right, claim or liability is commenced within two (2) years after the date of the dissolution.

R.I. Gen. Laws § 7-1.2-1324.  The Rhode Island legislature intended the two-year post-dissolution period to provide third parties with an opportunity "to enforce their rights, claims, or liabilities involving the [dissolved] corporation."  <u>Theta Properties v. Ronci Realty Co., Inc.</u>, 814 A.2d 907, 914 (R.I. 2003).  XYZ relies upon Rhode Island case law for the argument that "actions on liabilities incurred *after* dissolution do not survive at all, not even for the two-year wind up period."  <u>Carreiro v. Rhodes Gill and Co., Ltd.</u>, 68 F.3d 1443, 1450 (1st Cir. 1995)(emphasis in original).  However, XYZ incorrectly characterizes the instant case as involving only liabilities incurred after dissolution and fails to address the relationship between these liabilities and Wolverine's legal right to indemnification obtained and triggered prior to dissolution.  The liabilities at issue exist only pursuant to Wolverine's exercise of its right to indemnification, not as debts or obligations incurred separately or unto themselves, and there appears to be no dispute that Wolverine proceeded on this right within the two-year statutory time period.  Defendants offer no legal authority to support the proposition that legal action on a right obtained and exercised within statutory time limits must fail solely because the amount of damages sought in connection with that right is not estimable until some later, but knowable, point in time.  Accordingly XYZ's Motion for Summary Judgment is denied.

     In its separate motion on Count 2, Travelers raises two grounds for summary judgment.  First, it claims that Wolverine may not, as third party, seek a declaration of coverage and compensation directly from Travelers without following a two-step process that requires entry of judgment against the insured (in this case, XYZ).  (<u>See</u> Mem. of Law in Supp. of Mot. for Summ. J. by Travelers 3-4).  Because Wolverine is

suing Travelers for unfair and deceptive conduct and not as a third-party tortfeasor, this point is irrelevant. Second, Travelers argues that Wolverine lacks standing to assert a claim for unfair and deceptive practices under chapter 93A § 11 of the Massachusetts General Laws. Because chapter 176D governing the insurance industry prohibits the filing of a private suit against an insurance company for unfair and deceptive practices, Travelers contends that Wolverine's 93A suit amounts to an end-run prohibited under state law. (See id. at 5-6). While Travelers fairly claims that "a violation of chapter 176D is not automatically actionable under chapter 93A, § 11, which provides a cause of action for business plaintiffs injured by unfair trade practices," its motion fails to acknowledge that "conduct that violates ch. 176D may independently be an unfair trade practice actionable under ch. 93A, § 11." Brazas Sporting Arms, Inc. v. American Empire Surplus Lines Ins. Co., 220 F.3d 1, 9 (1st Cir. 2000). In such context, "a violation of 176D is only *evidence* of a violation of chapter 93A, § 11." Peterborough Oil Co., Inc. v. Great American Ins. Co., 397 F. Supp. 2d 230, 244 (D. Mass. 2005) (emphasis in original). Travelers' separate Motion for Summary Judgment is denied.

Accordingly, Travelers' motion for joinder in XYZ's summary judgment (#36 on the docket) is allowed , but both XYZ and Travelers' motions for summary judgment (#21 and #33 on the docket) are denied.

|                        |                                                  |
|------------------------|--------------------------------------------------|
| _____ | /s/ Rya W. Zobel                                 |
| DATE                   | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE     |